IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 8 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| TRACEY McELHONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-949-A |
| | § | |
| BNSF LOGISTICS INTERNATIONAL, | § | |
| INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion to
dismiss plaintiff's original complaint pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure, filed by defendant David
Pulk ("Pulk"). Plaintiff, Tracey McElhone, filed nothing in
response to the motion. Having now considered the motion and the
complaint by which plaintiff initiated this action, as well as
the applicable legal authorities, the court concludes that the
motion should be granted.

I.

Background

Plaintiff initiated this action by filing her original
complaint naming Pulk and BNSF Logistics, International, Inc.

("BNSFL") as defendants.  The complaint included the following
pertinent factual allegations:

Pulk was plaintiff's supervisor.  He was employed by BNSFL
as the manager of the company's office in Flower Mound, Texas.
Pulk had the authority to hire and fire employees, including
plaintiff.  Pulk "sexually harassed and eventually assaulted
plaintiff and maintained an atmosphere that was a sexually
hostile environment in which to work."  Pl.'s Original Compl. at
1.  Plaintiff's employment with BNSFL was terminated after she
reported the assault.

Plaintiff asserted a single claim of sexual harassment in
violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e et seq. ("Title VII"), against both defendants.

II.

Legal Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed.R.Civ.P. 8(a)(2), "in order to give the defendant fair notice
of what the claim is and the grounds upon which it rests, Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

III.

Analysis

Plaintiff's complaint alleged only a single cause of action, sexual harassment pursuant to Title VII.  Pulk contends that this claim should be dismissed because Title VII imposes liability only an employer, and he is not an employer as contemplated by the statute.  The court agrees.

Title VII imposes liability on any employer that violates its provisions.  Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir. 1990).  An "employer" under Title VII is "a person engaged in an industry affecting commerce ... and any agent of such a person." 42 U.S.C.2000e(b).  The Fifth Circuit, however, "does not interpret the statute as imposing individual liability for [a Title VII] claim."  Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999).  Supervisors and other employees thus cannot be liable under Title VII for acts performed in their individual capacities.  Id.; Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) ("[O]ur cases make plain that the term 'employer' does not include a hiring or supervisory official in his personal or individual capacity.").

4

Here, nothing is alleged in the complaint that Pulk, as opposed to BNSFL, was plaintiff's employer. While the complaint alleged that Pulk had the authority to hire and fire, such is insufficient to find that Pulk was plaintiff's employer for purposes of Title VII. See, e.g., Huckabay, 142 F.3d at 241. The law is well-settled in this circuit that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 382 n.1 (5th Cir. 2003). No other claim or basis for liability is alleged against Pulk in the complaint. Accordingly, plaintiff's claim against Pulk must be dismissed.

Pulk seeks dismissal for the additional reason that plaintiff's right to sue letter from the EEOC, attached to the complaint, omits any reference to him. Hence, plaintiff has failed to show she exhausted administrative remedies against Pulk as required by statute. While the court agrees that this ground would also likely result in dismissal of the claim against Pulk, it need not engage in further analysis, considering dismissal is warranted as discussed above.

IV.

Order

Therefore,

The court ORDERS that Pulk's motion to dismiss be, and is hereby, granted.

The court further ORDERS that all claims and causes of action brought by plaintiff, Tracey McElhone, against defendant Pulk be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that the caption of this action be changed by the removal of "David Pulk" from the title, so that from this point forward, the title shall read, "Tracey McElhone, Plaintiff, v. BNSF Logistics, International, Inc., Defendant."

SIGNED January 28, 2015.

JOHN McBRYDE
United States District Judge

6